Kevin Fallon McCarthy (#011017)
Jacob W. Hippensteel (#032713)
Michael D. Adams (#035190)
Michael.adams@mccarthylawyer.com
McCarthy Law PLC
9200 E. Pima Center Pkwy, Ste. 300
Scottsdale, Arizona 85258
Phone: 602-456-8900
Fax: 602-218-4447
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| KHYBER JAILANI,<br><br>        Plaintiff,<br><br>v.<br><br><br>SUNSTRONG MANAGEMENT, LLC;<br>EQUIFAX INFORMATION SERVICES<br>LLC; and EXPERIAN INFORMATION<br>SOLUTIONS, INC.,S<br><br>        Defendants. | Case No.:<br><br>**Complaint for Damages:**<br>        **Violation of Fair Credit**<br>        **Reporting Act** |

Plaintiff, Khyber Jailani, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.    INTRODUCTION

1.    This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.    PARTIES

2.    Plaintiff is, and was at all times hereinafter mentioned, a resident of the

County of Maricopa, Arizona.

3.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4.    Defendant, SunStrong Management, LLC ("SunStrong") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Arizona.

5.    At all times pertinent hereto, Defendant SunStrong is a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6.    Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in Arizona.

7.    Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Arizona.

8.    Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

9.    Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

10.    At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

11.    Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in Arizona.

12.    Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Arizona.

13.    Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

14.    Experian furnishes such consumer reports to third parties under contract for monetary compensation.

15. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.    JURISDICTION AND VENUE

16. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

17. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Maricopa County, Arizona and Defendants do business in Arizona.

18. Personal jurisdiction exists over Defendants as Plaintiff resides in Arizona, Defendants have the necessary minimum contacts with the state of Arizona, and this suit arises out of specific conduct with Plaintiff in Arizona.

### IV.    FACTUAL ALLEGATIONS

19. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants SunStrong, Equifax and Experian (collectively, "Defendants"), and has suffered particularized and concrete harm.

20. Equifax, Experian, and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

21. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

22. Experian and Equifax have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

23. Plaintiff discovered the SunStrong account #84**** on their Equifax and Experian consumer reports in error (the "Account").

24. The Account reports various late payments in error.

25. The Account was set to autopayments that were never cancelled by the

Plaintiff.

26.    In spite of having timely monthly payments set up for the Account, Defendant SunStrong continues, erroneously, to report late payments to Experian and Equifax.

27.    The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates their credit utilization.

**PLAINTIFF'S WRITTEN DISPUTE**

28.    On or about May 21, 2025, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

29.    On or about May 21, 2025, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

30.    Upon information and belief, Equifax and Experian forwarded Plaintiff's Disputes (collectively the "Dispute Letters") to Defendant SunStrong.

31.    Upon information and belief, SunStrong received notification of Plaintiff's Letters from Equifax and Experian.

32.    Upon information and belief, SunStrong verified the erroneous information associated with the Account to Equifax and Experian.

33.    SunStrong failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

34.    Equifax and Experian each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

35.    Upon information and belief, SunStrong failed to instruct Equifax and

Jailani v. SunStrong, et al.                    4                    COMPLAINT

Experian to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

36. Equifax and Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

37. At no point after receiving the Dispute Letters did SunStrong, Equifax and Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

38. Equifax and Experian relied on their own judgment and the information provided to them by SunStrong rather than grant credence to the information provided by Plaintiff.

39. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

40. Plaintiff has lost time working to resolve the adverse information associated with the Account to prevent harm.

## COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

41. Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

42. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

43. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

44. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic

loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

48. Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

49. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

50. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

51. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

53. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to

recover damages under 15 U.S.C. §1681o.

54.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EXPERIAN

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

55.     Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

56.     After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

57.     Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

58.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

59.     Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

60.     In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

61.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EXPERIAN

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i**

62.    Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

63.    After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

64.    Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

65.    As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

66.    Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

67.    In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

68.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT V – SUNSTRONG**

**Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)**

69.    Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

70.    After receiving the Dispute Letters, SunStrong failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

71. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant SunStrong's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant SunStrong's representations to consumer credit reporting agencies, among other unlawful conduct.

72. As a result of this conduct, action, and inaction of Defendant SunStrong, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

73. Defendant SunStrong's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

74. In the alternative, Defendant SunStrong was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

75. Plaintiff is entitled to recover costs and attorneys' fees from Defendant SunStrong pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Jury trial;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful

violation;

D. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted July 31, 2025

/s/ Michael D. Adams
Michael D. Adams
McCarthy Law, PLC
9200 E. Pima Center Pkwy, Suite 300
Scottsdale, AZ  85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff